UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF:                                        CASE NUMBER

Bonnie Brown Humphrey                                    05-12682
a/k/a Bonnie Brown Schultz                               Section "A"

DEBTOR

George Rodrigue                                          CHAPTER 7
    Plaintiff

VERSUS                                                   ADVERSARY NUMBER

Bonnie Brown Humphrey                                    05-1197
a/k/a Bonnie Brown Schultz
    Defendant

REASONS FOR ORDER FINDING DEBT NONDISCHARGEABLE
AND AWARDING ATTORNEY'S FEES AND COSTS

Plaintiff, George Rodrigue, filed this adversary against Debtor, Bonnie Brown Humphrey ("Defendant"), to determine the dischargeability of a debt, specifically, a work of art created by the Plaintiff and impermissibly held by the Defendant. The Plaintiff recovered the property in question after filing the Complaint. The issues before the Court are whether the Defendant is discharged of any remaining debt, and whether the Plaintiff is entitled to collect general damages, attorney's fees and costs, and interest on the value of the painting.

JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C § 523(c).

BACKGROUND

Plaintiff is an artist who sued a New Orleans antique shop in State Court to recover a number of art pieces, including one known as Blue Dog "Cut Out with Neon Light" ("Artwork"). The Defendant in this adversary was the attorney representing certain defendants in the State Court litigation. By order of the State Court, the Defendant held the Artwork in trust for the parties, pending the outcome of the lawsuit. The Plaintiff resolved his lawsuit with the antique shop, and on December 15, 2004, the State Court entered a Judgment directing the Defendant to return the Artwork. She did not comply with the Order and was found in contempt of court on April 1, 2005.

Defendant filed a Chapter 7 bankruptcy petition on April 8, 2005 and sought to discharge the debt to the Plaintiff, listing him as an unsecured creditor in a late filed amended Schedule F. The Plaintiff did not receive notice of the Defendant's intent until after she received her discharge. The Plaintiff initiated this adversary proceeding and filed a Complaint on August 8, 2005 to determine whether the Defendant could discharge her debt for the Artwork. Initially, the Defendant filed an Answer to the Complaint that alleged her ex-husband possessed the Artwork. On March 9, 2006, however, the Defendant disclosed that a third party possessed the Artwork and subsequently withdrew her Answer on March 16, 2006, stating that she "does not wish to continue with the defense of this Adversary Proceeding . . .." (Defendant's Motion to Withdraw Answer¶ III)  Plaintiff recovered the Artwork in question on May 14, 2006. Plaintiff now possesses the Artwork, although a number of questions remain before the Court. First, are any remaining financial obligations to the Plaintiff dischargeable? And second, is the

Plaintiff entitled to collect attorney's fees and costs, interest, and general damages from the Defendant?

DISCUSSION

The Plaintiff requests reimbursement for his attorney's fees and costs, interest on the value of the Artwork, and general damages. This Court will first consider whether the Defendant discharged the above demands through her July 12, 2005 discharge.

**Dischargeability**

11 U.S.C. § 523(a)(2)(A) excepts from discharge, debts incurred "to the extent obtained, by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." The Defendant obtained the property in question by misrepresenting her interest in the Artwork to the Plaintiff, who consented to her holding it in trust based on his belief that she would deliver the Artwork to the prevailing party in the state litigation.

La. Civ. Code Ann. art. 1953 (West 1987) defines fraud as "a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

Furthermore, 11 U.S.C. § 523(a)(4) excepts discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." A fiduciary relationship, is defined as

> A relation subsisting between two persons in regard to a business, contract, or piece of property, . . . of such a character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith. Out of such a relation, the law raises the

> rule that neither party may . . . take selfish advantage of his trust, or deal with the subject matter of the trust in such a way as to benefit himself or prejudice the other except in the exercise of the utmost good faith and with the full knowledge and consent of that other

*Matter of Angelle*, 610 F2d 1335, 1338 (5th Cir.1980)(citations omitted).

Defendant committed fraud when she informed the parties in the State Court litigation that her interest in the Artwork was purely professional. Her misrepresentation enabled her to obtain possession of the Artwork with the Plaintiff's consent. The Plaintiff and Defendant also created a fiduciary relationship with regard to the Artwork. There was clearly a degree of trust between the parties, which is evident in the fact that the Plaintiff agreed that the Defendant did not need a bond to hold the Artwork. *See*, Complaint to Determine Dischargeability of Debt, Exhibit A. When considering whether a debt is exempt from discharge under section 523(a)(4), the fiduciary duty must arise from an express or technical trust. *Matter of Tran*, 151 F.3d 339, 342 (5th Cir.1998). Exhibit A, *supra*, expressly states that the Defendant shall hold the Artwork in trust, thereby creating an express trust and confirming that a fiduciary relationship exists between the parties. The Defendant, therefore, committed fraud when while acting in a fiduciary capacity and is exempt from discharge under Section 523(a)(4).

The Defendant's actions fall within the § 523(a)(2)(A) and (a)(4) exceptions and therefore the Plaintiff's claims to any allowable fees, costs, interest, and general damages are not dischargeable. *See*, *e.g. Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212 (1998)(discharge exception included damages and attorneys fees and costs assessed against debtor for fraud).

**Attorney's Fees and Costs**

The Plaintiff asks this Court to award him $28,726.50 in attorney's fees and $4,098.22 in costs; the amounts he incurred in recovering the Artwork from the Defendant. La. Civ. Code Ann. art. 1958 (West 1987) provides that "[t]he party against whom rescission is granted because of fraud is liable for damages and attorney fees." As explained above, La. Civ. Code Ann. art. 1953 (West 1987) defines fraud as "a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." Therefore, if this Court finds that the Defendant misrepresented or suppressed the truth with the intent to cause a loss to the Plaintiff, then she can be liable for his attorney fees and expenses incurred as a result of the misrepresentation.

This Court finds that the Defendant did not disclose her intent to keep the painting for her personal use when she agreed to hold the Artwork in trust and therefore committed fraud though her silence. The Plaintiff impliedly rescinded any agreement because his consent was voided by the Defendant's fraudulent misrepresentations that induced the Plaintiff to place the Artwork in her trust. *See*, *Montet v. Lyles*, 638 So.2d 727, 730 (La.App. 1 Cir. 1994). The Defendant has submitted no evidence to counter the above findings. As she committed fraud and the rescission is granted against the Defendant, she is liable for the Plaintiff's attorney fees and costs.

**Interest on Value**

The Plaintiff next argues that she is entitled to collect interest on the value of the Artwork for the period of time the Defendant impermissibly held the Artwork;

specifically August 25, 2004 to May 15, 2006. "[T]he general rule is that the measure of damages for tortious conversion is the value of the property converted with interest and damages *if the property has been sold to a third person*, and if not the plaintiff can recover the property itself." *Holland v. First Nat. Bank of Crowley*, 398 So.2d 186, 189 (La.App 3 Cir. 1981)(emphasis added). *Holland* makes it clear that an injured party may recover the value of the property with interest and damages if it was sold to a third person. If the property was not sold, however, the plaintiff may recover the property itself. Plaintiff cites *General Elec. Credit Corp. v. Smigura*, 371 So.2d 1363 (La. App. 3 Cir. 1979) as support for his argument that the Defendant is liable for interest, despite the fact that the property was returned. *Smigura* involved a creditor that wrongfully seized a debtor's mobile home. The court awarded general damages, special damages, and attorney's fees, however, it did not issue interest for the period of time the Debtor was deprived of the mobile home *id* at. 1366. *Smigura* does not support the Plaintiff's argument that he is entitled to interest. In the pending case, the Plaintiff was able to recover the Artwork and, under *Holland* is not entitled to recover interest.

**General Damages**

The Plaintiff also argues that he is entitled to collect $5,000.00 in general damages as compensation for loss of use, humiliation, mental anguish and distress, inconvenience, and aggravation that he experienced in recovering obtaining the Artwork. The Supreme Court of Louisiana has stated that "[t]he award of general damages in a conversion case, if proven, is clearly supported by the jurisprudence." *Quealy v. Pain, Webber Jackson & Curtis, Inc.*, 475 So.2d 756, 762 (La. 1985). Conversion is a quasi-offense in Louisiana and, *inter alia*, is committed when possession of a chattel is

withheld from the owner. *Dual Drilling Co. v. Mills Equipment Investments*, 721 So.2d 853, 857 (La. 1998). The Defendant in the current case clearly withheld possession of the Artwork from the Plaintiff for nearly two years. The Plaintiff, therefore, is eligible for general damages, provided there is sufficient evidence to support such a finding. While this Court could speculate as to the Plaintiff's loss of use and mental anguish, there is no evidence to support an award of general damages at this time. This Court will, however, give the Plaintiff an opportunity to supplement the record with evidence that supports his request for general damages.

## SUMMARY

The Defendant misrepresented her interest in Blue Dog Cut Out to the Plaintiff so she could maintain possession of the Artwork after the Plaintiff resolved his litigation with the antique gallery. The Defendant may not discharge her debt to the Plaintiff as her actions fall under the 11 U.S.C § 523(a)(2)(A) and (a)(4) exceptions to discharge. The Plaintiff is entitled to attorney's fees and costs incurred in recovering the Artwork. The Plaintiff recovered the Artwork and is not entitled to collect interest on the Artwork's value for the period of time that he was deprived of the property. Finally, the Plaintiff is eligible for general damages, however, there is insufficient evidence before the Court to support such a finding. The Plaintiff will be given leave to file a Supplemental Affidavit or other evidence in support of his request for general damages.

New Orleans, Louisiana, July 27, 2006.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge